**H. G. SPEERS, Jr., Defendant Below, Appellant,**

v.

**DELAWARE HARNESS RACING COMMISSION, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted June 14, 1982.

Decided July 16, 1982.

William M. Chasanov (Argued), of Brown, Shiels & Chasanov, Georgetown, for defendant below, appellant.

James J. Hanley (Argued), Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and McNEILLY and MOORE, JJ.

PER CURIAM:

H. G. Speers, Jr., appeals the Superior Court's affirmance of a decision of the Delaware Harness Racing Commission (D.H. R.C.) upholding a State Steward's finding that Mr. Speers violated United States

Trotting Association (U.S.T.A.) Rule 21, §§ 5 and 6.[1]

Following the first race at Harrington Raceway on November 2, 1979, a urine sample was taken from the winning horse, Golden Do, owned and driven by H. G. Speers, Jr. On testing, the sample was found to contain a prohibited anti-inflammatory agent, flunixin. A hearing was held before the State Steward. Mr. Speers was found to be in violation of U.S.T.A. Rule 21, §§ 5 and 6 and was suspended and fined $200 and loss of purse.

On appeal Mr. Speers contends that he was denied procedural due process since the urine sample was taken in accordance with the procedure prescribed by D.H.R.C. Rule 10(b)[2] rather than that required by U.S.T.A. Rule 21, § 2[3] which safeguards the horsemen and public by the split sample provision of the Rule.

Mr. Speers also contends that there is insufficient evidence in the record for the Commission to conclude that the medication was administered to affect the speed or condition of the horse since the evidence was conclusive that the horse raced neither faster nor slower in the race in question than his average performance in the past.

Reviewing the contentions in light of the cited U.S.T.A. and D.H.R.C. rules and the lack of supporting authorities or evidence, we find Mr. Speers' arguments to be without merit.

■ U.S.T.A. Rule 21, § 2 specifically contemplates that individual state racing rules of procedure governing the taking of urine samples might differ. Mr. Speers was present when the sample was taken and signed the sealed container as contemplated by the State rule. There is nothing in the record to infer that Mr. Speers was precluded from taking his own urine sample, having his own analysis made, and presenting his results to the State Steward

---

1. U.S.T.A. Rule 21, §§ 5 and 6 provide:
   "§ 5. Whenever the post-race test or tests prescribed in Section 1 hereof disclose the presence in any horse of any drug, stimulant, depressant or sedative, in any amount whatsoever, it shall be presumed that the same was administered by the person or persons having the control and/or care and/or custody of such horse with the intent thereby to affect the speed or condition of such horse and the result of the race in which it participated.
   § 6. A trainer shall be responsible at all times for the condition of all horses trained by him. No trainer shall start a horse or permit a horse in his custody to be started if he knows, or if by the exercise of reasonable care he might have known or have cause to believe, that the horse has received any drug, stimulant, sedative, depressant, medicine, or other substance that could result in a positive test. Every trainer must guard or cause to be guarded each horse trained by him in such manner and for such period of time prior to racing the horse so as to prevent any person not employed by or connected with the owner or trainer from administering any drug, stimulant, sedative, depressant, or other substance resulting in a post-race positive test." *Id.*

2. D.H.R.C. Rule 10(b) provides in pertinent part:
   "During the taking of the saliva, urine and/or blood sample by the Veterinarian, the Owner, Trainer or Authorized Agent may be present at all times. The sample so taken shall be placed in one container and shall immediately be sealed and the evidence of such sealing indicated thereon by the signature of the representative of the Owner or Trainer." *Id.*

3. U.S.T.A. Rule 21, § 2 provides in pertinent part:
   "During the taking of the saliva and/or urine sample by the veterinarian, the owner, trainer or authorized agent may be present at all times. Unless the rules of the State Racing Commission or other governmental agency provide otherwise, samples so taken shall be placed in two containers and shall immediately be sealed and the evidence of such sealing indicated thereon by the signature of the representative of the owner or trainer. One part of the sample is to be placed in a depository under the supervision of the Presiding Judge and/or any other agency the State Racing Commission may designate to be safeguarded until such time as the report on the chemical analysis of the other portion of the split sample is received.
   Should a positive report be received, an owner or trainer shall have the right to have the other portion of the split sample inserted in with a subsequent group being sent for testing or may demand that it be sent to another chemist for analysis, the cost of which will be paid by the party requesting the test." *Id.*

to counter the results presented by the officials appointed by the Commission to make such tests. For the reasons thus stated, we fail to comprehend a procedural due process argument based upon any lack of fairness or prejudice to Mr. Speers.

■ As to the sufficiency of the evidence argument, the negative evidence indicating at best that the horse's performance during the race was affected clearly cannot have the effect of rebutting the unassailed presumption found in U.S.T.A. Rule 21, § 5 that the agent was administered with the *intent* to affect the speed or condition of the horse and the race in which it participated.

AFFIRMED.